Lynn M. Allen, State Bar Number 012612
lallen@tysonmendes.com
Sitar Bhatt, State Bar Number 029622
sbhatt@tysonmendes.com
Eric L. Cook, State Bar Number 020797
ecook@tysonmendes.com
**TYSON & MENDES, LLP**
7910 East Thompson Peak Parkway, Suite 101
Scottsdale, Arizona 85255
Telephone: (480) 571-5031
Facsimile:  (480) 245-5424
*Attorneys for Defendant Enterprise Leasing Company*
*of Phoenix, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| LISA THORSEN and ROLF THORSEN, husband and wife; | No. |
| | **NOTICE OF REMOVAL** |
| Plaintiffs, | |
| vs. | |
| ENTERPRISE LEASING COMPANY OF PHOENIX, LLC, a foreign limited liability company; FLEETLOGIX, INC., a foreign corporation; AHMED NAALEYE and JANE DOE NAALEYE, husband and wife, | |
| Defendants. | |

Defendant Enterprise Leasing Company of Phoenix, LLC, ("Defendant") gives notice that it is removing this action from Maricopa County Superior Court to the United States District Court for the District of Arizona pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 for the following reasons:

**A.** **This Court Has Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332.**

1. There is complete diversity among the legitimate parties.

**TYSON & MENDES, LLP**

(a)     Plaintiffs are individuals residing in the state of New York. *See* Complaint in matter No. CV2020-004656, Superior Court of Arizona, Maricopa County ("Complaint") at ¶ 1, attached as **Exhibit 1**.

(b)     Defendant Enterprise Leasing Company of Phoenix, LLC, is a foreign limited liability company domiciled in Delaware with its principal place of business in Phoenix, Arizona. Upon information and belief, its sole member is Enterprise Holdings, Inc., a private holding company incorporated in Missouri, with its principal place of business in St. Louis, Missouri.

(c)     Defendant FLEETLOGIX, INC. is a Delaware corporation with its principal place of business in San Diego, California.

2.     The Amount in Controversy Exceeds $75,000.

The determination of diversity jurisdiction is made at of the time of removal. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938); *see also Rogers v. Wall-Mart Stores, Inc*. 230 F.3d 868, 871 (6th Cir. 2000). Included in the calculation of the jurisdictional minimum are general damages, special damages, punitive damages, and attorneys' fees. *See Ansley v. Metropolitan Life Ins. Co.*, 215 F.R.D. 575 (D. Ariz. 2003); *see also Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 1998); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

Here, the evidence establishes by a preponderance of the evidence that the jurisdictional minimum has been met. First, Pursuant to Rule 26.2(c)(3)(B), Ariz. R. Civ. P., plaintiffs' civil cover sheet designated this case as a Tier 2 civil matter, which applies to cases where the

2

TYSON & MENDES, LLP

damages sought exceed $50,000.00 and less than $300,000.00. *See* Civil Cover Sheet, attached as **Exhibit 2**. Thus, plaintiffs acknowledge they seek damages falling within this range.

Other evidence shows plaintiffs seek damages in excess of $75,000. In plaintiffs' Initial Rule 26.1 Disclosure Statement, they allege Mrs. Thorsen sustained the following serious and permanent injuries arising from the subject incident for which they seek to recover damages:

> Abrasion to the left posterior knee; Bruising left knee and leg; Contusion of the left leg and knee; Contusion of the left hip; Fracture of the femur; Salter Harris I Fracture; Fractured fibula; Fractured patella; Fractured tibia; Traumatic hematoma of the left lower leg; Left knee reabsorbing hematoma; Meniscus injury; Complete tear of the anterior cruciate ligament to the left knee; Neurovascular injury; Sprain of the MCL, LCL, ACL and PCL; Soft tissue swelling of the left knee, thigh and calf; Left leg injury; Left knee effusion; Blunt trauma; Crush injury; Lymphedema; Autonomic Dysfunction Hyperalgesia; Left Saphenous Neuropathy / Left Saphenous Nerve Injury; Chronic Left Calf Ecchymosis; Complex Regional Pain Syndrome; Lower Extremity Parethesias; Chronic Post-traumatic Left Lower Extremity Neuropathy Pain Syndrome; and Subcutaneous Scarring Left Leg.

*See* plaintiffs' Initial Rule 26.1 Disclosure Statement, attached as **Exhibit 6**, pages 2-4.

Plaintiffs have disclosed the injured party's medical treatment consisting of multiple diagnostic imaging, appointments with specialists, surgery, physical therapy, left-sided lumbar sympathetic nerve blocks, and nerve study. Plaintiffs also disclosed the injured party's future medical treatment possibly consisting of a neuromodulation trial [Exh. 6, pp. 4-8].

At this very early stage of discovery, plaintiffs have made an incomplete disclosure of medical records and expenses of $7,365.80, noting they will supplement for those providers who treated her in New York after she returned from her Phoenix and Las Vegas vacation [Exh. 6, pp. 29-31]. Based on plaintiffs' general disclosure of her injuries and medical treatment received, Defendant anticipates plaintiffs will allege medical expenses in excess of the

**TYSON & MENDES, LLP**

$75,000.00 threshold. In addition, Mrs. Thorsen is making a claim for loss of earnings (amount undisclosed) and pain, discomfort, suffering, mental/emotional distress, aggravation, frustration and loss of enjoyment of life (Exh. 6, pp. 6, 30). Plaintiffs also claim $2,263.56 in out of pocket expenses. Mr. Thorsen claims loss of consortium damages.

Defendant also believe plaintiffs seek more than $75,000.00 in damages based on prior Arizona jury verdicts involving claims of complex regional pain syndrome (also known as reflex sympathetic dystrophy)[1]:

- $1,250,000 – *Bowden v. G&I III Posada Del Este, LLC,* 2005 WL 4158024 (2005) – Plaintiff sustained reflex sympathetic dystrophy, leg nerve damage, and a fractured ankle after falling in a hole at defendant's apartment complex. Attached as **Exhibit 7**.

- $407,712 – *Haig v. Kaufamn Company,* 1993 WL 763679 (1993) – Plaintiff fractured her left wrist which resulted in surgical fusion of the forearm and residuals of reflex sympathetic dystrophy. Attached as **Exhibit 8**.

- $200,000 – *McClure v. KIP Inc., et al.,* 2001 WL 36285258 (2001) – Plaintiff alleged he suffered from reflex sympathetic dystrophy after a motor vehicle collision. Attached as **Exhibit 9**.

[1] The term reflex sympathetic dystrophy is an older term for complex regional pain syndrome - https://www.webmd.com/brain/what-is-reflex-sympathetic-dystrophy-syndrome#1

4

TYSON & MENDES, LLP

- $110,000 – *Dewitt v. Familian Corp.,* 1993 WL 774026 (1993) – Plaintiff experienced reflex sympathetic dystrophy, an ulnar collateral ligament injury, and cervical, thoracic, and lumbar strain after he fell in the defendant company's parking lot. Attached as **Exhibit 10**.

- $100,000 – *Colter v. Walgreen Arizona Drug,* 2001 WL 36287578 (2001) – Plaintiff alleged reflex sympathetic dystrophy and chronic pain syndrome after a dolly being pushed by defendant's employee traveled over her left foot. Attached as **Exhibit 11**.

The tier designation, alleged injuries, and anticipated treatment expenses associated with the injuries, exclusive of pre-judgment interest and attorneys' fees, establish the amount in controversy meets the requirement for diversity jurisdiction.

Based on the foregoing, Defendant has met its burden of establishing the jurisdiction of this Court.

**B.** **This Notice of Removal is Timely**.

Plaintiff filed the Complaint on April 14, 2020 and served it on Enterprise Leasing Company of Phoenix, LLC by way of personal service on April 30, 2020. This Notice of Removal, therefore, has been timely filed within 30 days of that date. *See* 28 U.S.C. § 1446(b).

**C.** Defendant has attached copies of the original Complaint, Civil Cover Sheet, Summons, Certificate of Compulsory Arbitration, civil docket, plaintiffs' Initial Rule 26.1 Disclosure Statement, and cases referenced above and has no other court documents in its possession. *See* **Exhibits 1-11**.

**TYSON & MENDES, LLP**

**D.**    Defendant has concurrently filed a copy of this notice with the Arizona Superior Court.

Defendant has served upon plaintiffs a copy of this notice.

DATED this 29th day of May, 2020.

TYSON & MENDES, LLP


By: */s/ Lynn M. Allen*
        Lynn M. Allen
        Sitar Bhatt
        Eric Cook
        *Attorneys for Defendant Enterprise Leasing*
        *Company of Phoenix, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

Steven J. Jones
PHILLIPS LAW GROUP, P.C.
3101 N. Central Ave., Ste. 1500
Phoenix, AZ 85012
stevenj@phillipslaw.com
minute_entries@phillipslaw.com
*Attorney for Plaintiff*

By: */s/ Christie Carstensen*