1  Timothy G. Tonkin (#020709)
   Steven J. Jones, Esq. (#031438)
   **PHILLIPS LAW GROUP**
2  3101 N. Central Ave., Suite 1500
   Phoenix, Arizona 85012
3  Telephone:   (602) 258-8900 ext. 100
   Facsimile:   (602) 279-9155
4  E-Mail:  timt@phillipslaw.com
   E-Mail:  stevenj@phillipslaw.com
5  minute_entries@phillipslaw.com

6

7  *Attorneys for Plaintiff*





APR **1 4** 2020

CLERK OF THE SUPERIOR COURT
R. MERINO
DEPUTY CLERK

8              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9                  **IN AND FOR THE COUNTY OF MARICOPA**

10
   LISA THORSEN and ROLF THORSEN,          Case No.:  CV2020-004655
11 husband and wife;
                                           **COMPLAINT**
12
                  Plaintiff,               Tort – Motor Vehicle
13
14         vs.

15 ENTERPRISE LEASING COMPANY OF
   PHOENIX, LLC, a foreign limited liability
16 company; FLEETLOGIX, INC., a foreign
   corporation; AHMED NAALEYE and JANE
17 DOE NAALEYE, husband and wife; JOHN
   DOES 1-5; JANE DOES 1-5; BLACK
18 CORPORATIONS 1-5; and WHITE
   PARTNERSHIPS 1-5,
19
                  Defendants.
20

21        Plaintiffs Lisa Thorsen and Rolf Thorsen, (hereinafter "Plaintiffs" unless otherwise

22 indicated), for their complaint, allege:

23        1.      Plaintiffs are, and were at all times material herein, residents of the County of

24 Rockland County, State of New York.  Plaintiffs Lisa Thorsen and Rolf Thorsen are husband

25 and wife and were married at the time of the incident which is the subject of this complaint.

                                              1

2.      Defendant ENTERPRISE LEASING COMPANY OF PHOENIX, LLC, (hereinafter "Enterprise") is a foreign limited liability company authorized to do business within the County of Maricopa, State of Arizona, and actually doing business in the State of Arizona at all times material herein.

3.      Defendant FLEETLOGIX, INC., (hereinafter "Fleetlogix") is a foreign corporation authorized to do business within the County of Maricopa, State of Arizona, and actually doing business in the State of Arizona at all times material herein.

4.      Defendants, AHMED NAALEYE and JANE DOE NAALEYE, husband and wife (hereinafter "Defendant Naaleye"), are, and were at all times material herein, husband and wife, and residents of the County of Maricopa, State of Arizona.

5.      At all times material herein, Defendant Ahmed Naaleye was acting individually, and for and on behalf of the marital community comprised of himself and Jane Doe Naaleye, for which said marital community should be held liable to Plaintiffs under applicable law. Further, as soon as the true name of Jane Doe Naaleye, becomes known, Plaintiffs will amend this Complaint.

6.      At all times material herein, Defendant Ahmed Naaleye operated a motor vehicle owned by Defendant Enterprise and/or Defendant Fleetlogix, and was acting as an agent, servant or employee within the scope of his employment on behalf of Defendant Enterprise and/or Defendant Fleetlogix, and therefore, Defendants Enterprise and/or Fleetlogix should be held liable to Plaintiff for the actions of Defendant Ahmed Naaleye on the theory of respondeat superior, agency, equitable estoppel, or other applicable law. Defendants Enterprise and/or Fleetlogix are vicariously liable to Plaintiff for all injuries and other damages caused by Defendant Ahmed Naaleye.

7.      Defendants John Does 1-5, Jane Does 1-5, Black Corporations 1-5, and White Partnerships 1-5 (hereafter fictitious defendants) are, and were at all times material herein,

2

1  principals and/or employers for which Defendant Ahmed Naaleye was acting as an agent,
2  servant, or employee within the scope of his agency or employment at the time of the accident
3  alleged hereafter.   As soon as their true names become known, Plaintiff will amend this
4  Complaint.   Said fictitious defendants should be held liable to Plaintiff for the actions of
5  Defendant Ahmed Naaleye on the theories of respondeat superior, agency, equitable estoppel,
6  or other applicable law.

7      8.      Upon belief, all fictitious Defendants were residents of the County of Maricopa,
8  State of Arizona; and/or were organized and existing under the laws of Arizona and doing
9  business in the State of Arizona; and/or were foreign corporations, businesses, etc., qualified to
10  do business within the State of Arizona, and actually doing business therein on the date of the
11  accident alleged herein.

12      9.      All acts and events alleged hereafter occurred within the County of Maricopa,
13  State of Arizona.

14      10.      The minimum jurisdictional amount established for filing this action has been
15  satisfied. This Court has jurisdiction and venue is proper.

16                          **FACTS COMMON TO ALL COUNTS**

17      11.      At all relevant times, Defendant Enterprise owned and operated a rental car
18  facility located at or near Phoenix Sky Harbor Airport, 1732 E. Rental Car Way, Phoenix,
19  Arizona, 85034.

20      12.      At all relevant times, Defendant Fleetlogix was in the business of providing
21  transportation and fleet management services to rental car companies such as Enterprise. Upon
22  belief, Defendant Fleetlogix provided drivers who transported Enterprise rental vehicles
23  between the Enterprise rental facility and Phoenix Sky Harbor Airport.

24

25

3

13.     On or before April 28, 2018, Enterprise entered an agreement with Fleetlogix wherein Fleetlogix would provide transportation and service agent services for Enterprise's Phoenix Sky Harbor rental car facility.

14.     Pursuant to the agreement, upon information and belief, Fleetlogix agreed to provide its services using employees who met Enterprise's requirements.

15.     Upon information and belief, Enterprise provided Fleetlogix employees with certain policies, rules and regulations regarding conduct, appearance and behavior while performing the services at the Enterprise rental car facility.

16.     On April 28, 2020, Plaintiff, Lisa Thorsen was a pedestrian in the parking area located at Enterprise rental car facility located at or near Phoenix Sky Harbor Airport, 1732 E. Rental Car Way, Phoenix, Arizona, 85034.

17.     At the same time and place, Defendant Ahmed Naaleye, while in the course and scope of his employment or agency for Defendant Fleetlogix and/or Defendant Enterprise, was operating a white van bearing California license plate number 7WWM486.

18.     Upon information and belief, Defendant Enterprise owned the white van that was being operated by Defendant Ahmed Naaleye on the date of the incident.

19.     As Plaintiff Lisa Thorsen was walking through the rental car facility, Defendant Ahmed Naaleye suddenly reversed the Enterprise van, striking Plaintiff and knocking her to the ground. The van rolled onto her left leg, pinning her, and resulting in injuries.

### COUNT ONE: NEGLIGENCE

20.     Plaintiffs re-allege and incorporate paragraphs 1-19 above as if fully set forth herein.

21.     On April 28, 2020, Plaintiff, Lisa Thorsen was a pedestrian walking through the Enterprise Rental Car facility. Defendant Ahmed Naaleye, while operating a van owned by Enterprise and while in the scope of his employment or agency for Enterprise and Fleetlogix,

4

1 | negligently struck Plaintiff with the van. Defendant Ahmed Naaleye failed to be reasonably
2 | alert, failed to observe Plaintiff Lisa Thorsen as she walked through the parking area, and
3 | failed to control the speed of the van as to avoid colliding with Plaintiff, resulting in a
4 | collision.

5 |      22.    As a result of Defendants' negligence, Plaintiff Lisa Thorsen suffered injuries.
6 | Plaintiff Rolf Thorsen has suffered loss of consortium of his wife because of her personal
7 | injuries.

8 | **COUNT TWO: NEGLIGENCE *PER SE***

9 |      23.    Plaintiffs re-allege and incorporate paragraphs 1-23 above as if fully set forth
10 | herein.

11 |      24.    A.R.S. § 28-701(A) is a statute enacted for the safety of others on the roadway.

12 |      25.    Defendant Ahmed Naaleye failed to control his speed as necessary to avoid a
13 | collision and violated A.R.S. § 28-701 (A), and is negligent *per se*.

14 |      26.    A.R.S. § 28-794.1 is a statute enacted for the safety of others on the roadway.

15 |      27.    Defendant Ahmed Naaleye failed to exercise due care to avoid colliding with a
16 | pedestrian, and violated A.R.S. § 28-794.1, and is negligent *per se*.

17 |      28.    As a result of Defendants' negligence *per se*, Plaintiff Lisa Thorsen suffered
18 | injuries. Plaintiff Rolf Thorsen has suffered loss of consortium of his wife because of her
19 | personal injuries.

20 | **COUNT THREE: RESPONDEAT SUPERIOR**

21 |      29.    Plaintiffs re-allege and incorporate paragraphs 1-28 above as if fully set forth
22 | herein.

23 |      30.    At all times relevant hereto, Defendant Ahmed Naaleye was employed by, and
24 | was an agent, servant and/or employee of Defendant Fleetlogix.

25 |

31.     The above-described acts of Defendant Ahmed Naaleye were committed within the scope of is employment with Defendant Fleetlogix, in that they were committed while on duty and in furtherance of his employment/employer Defendant Fleetlogix.

32.     As Defendant Ahmed Naaleye's employer, Defendant Fleetlogix is responsible for all of the negligent acts committed by Defendant Ahmed Naaleye within the scope of his employment.

33.     At all times relevant hereto, Defendant Ahmed Naaleye was an agent, servant and/or employee of Defendant Enterprise.

34.     The above-described acts of Defendant Ahmed Naaleye were committed within the scope of his employment or agency with Defendant Enterprise; in that they were committed while on duty and in furtherance of his employment/agency Defendant Enterprise.

35.     As Defendant Ahmed Naaleye's employer/principal, Defendant Enterprise is responsible for all of the negligent acts committed by Defendant Ahmed Naaleye within the scope of his employment/agency.

### COUNT THREE: NEGLIGENT SUPERVISION/ ENTRUSTMENT/HIRING/RETENTION

36.     Plaintiffs re-allege and incorporate paragraphs 1-35 above as if fully set forth herein.

37.     Plaintiffs claim they were harmed by Defendant Ahmed Naaleye and that Defendant Fleetlogix is responsible for that harm because Defendant Fleetlogix negligently hired, supervised or retained Defendant Ahmed Naaleye.

38.     Plaintiffs claim they were harmed by Defendant Ahmed Naaleye and that Defendant Enterprise is responsible for that harm because Defendant Enterprise negligently hired, supervised or retained Defendant Naaleye.

6

39.    At the time of the collision, Defendant Ahmed Naaleye was unfit or incompetent to perform the work for which he was hired.

40.    At the time of the incident, Defendant Fleetlogix knew or should have known that Defendant Ahmed Naaleye was unfit or incompetent to perform the work for which he was hired and it was this unfitness and/or incompetence that created a particular risk to others.

41.    At the time of the incident, Defendant Enterprise knew or should have known that Defendant Ahmed Naaleye was unfit or incompetent to perform the work for which he was hired and it was this unfitness and/or incompetence that created a particular risk to others.

42.    That Defendant Ahmed Naaleye's unfitness and/or incompetence harmed Plaintiffs; and;

43.    It was Defendant Fleetlogix's negligence in hiring/supervising and retaining Defendant Ahmed Naaleye that was a proximate cause in causing Plaintiffs' damages.

44.    It was Defendant Enterprise's negligence in hiring/supervising and retaining Defendant Ahmed Naaleye that was a proximate cause in causing Plaintiffs' damages.

## DAMAGES

45.    Plaintiffs re-allege and incorporate paragraphs 1-44 above as if fully set forth herein.

46.    As a direct and proximate result of the negligent, reckless, and careless conduct of Defendants, Plaintiff Lisa Thorsen suffered severe injuries which caused her pain, suffering, distress, disfigurement, mental and emotional anguish and anxiety, and a general decrease in her quality and enjoyment of life, all in an amount to be proven at trial.

47.    As a direct and proximate result of the negligence, negligence *per se* and/or strict liability of Defendants, Plaintiffs Lisa Thorsen and Rolf Thorsen suffered loss of consortium, distress, mental and emotional anguish and anxiety and a decrease in her enjoyment of life with her husband all in an amount to be proven at trial.

7

48.     As a further direct and proximate result of the negligent, reckless, and careless conduct of Defendants, Plaintiff Lisa Thorsen has incurred expenses for medical care, and may incur expenses for future medical care, all in an amount to be proven at trial.

49.     As a direct and proximate result of the negligent, reckless, and careless conduct of Defendants, Plaintiff has or may have suffered lost earnings and loss of business opportunity and may suffer future lost earnings, diminished earning capacity and/or business opportunities, all in an amount to be proven at trial.

50.     As a further direct and proximate result of the negligent, reckless, and careless conduct of Defendants, Plaintiff Lisa Thorsen has incurred expenses for driving to doctor appointments, and is entitled to compensation for her mileage driven to doctor appointments, all in an amount to be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each other defendant named herein, jointly and severally, as follows:

    a.  For Plaintiffs' general and special damages;

    b.  For Plaintiffs' expenses incurred for past medical care and treatment of Plaintiff's injuries for future medical treatment expenses;

    c.  For Plaintiffs' past and future lost wages, business opportunities and loss of earning capacity;

    d.  For Plaintiffs' expenses driving to doctor appointments;

    e.  For Plaintiffs' loss of consortium;

    f.  For Plaintiffs' costs incurred herein;

    g.  For interest at the highest legal rate on all damages and costs from the time incurred on the date of such judgment, whichever is sooner, until paid; and

    h.  For such other and further relief as the Court deems just and proper.

8

DATED this ____ day of April, 2020.

PHILLIPS LAW GROUP, P.C.

By   *S. Jones*
_____
Timothy G. Tonkin, Esq.
Steven J. Jones, Esq.
*Attorneys for Plaintiff*