**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Thorsen, et al., | No. CV-20-01056-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Enterprise Leasing Company of Phoenix LLC, et al., | |
| Defendants. | |

On May 29, 2020, Defendant Enterprise Leasing Company of Phoenix, LLC, removed this case to federal court based on diversity jurisdiction. *See* 28 U.S.C. § 1332. No other Defendants joined the notice of removal as is required by 28 U.S.C. § 1446(b)(2) (requiring each defendant to join the notice of removal within 30 days of when such defendant is served). The supplemental civil cover sheet indicates all Defendants were served more than 30 days ago. (Doc. 1-13 at 2).

The notice of removal states there is complete diversity among the "legitimate" parties. (Doc. 1 at 1). The term "legitimate" is not defined nor argued in any way.

The notice of removal alleges that Plaintiffs "reside" in New York, (Doc. 1 at 2), but makes no allegation as to their citizenship. *See Kanter v. Warner-Lambert*, 265 F.3d 853, 857-858 (9th Cir. 2001) (requiring evidence of citizenship, not residency, for purposes of establishing diversity jurisdiction). As for the Defendant who removed the case, Defendant Enterprise Leasing Company of Phoenix, LLC, the notice of removal states that on "information and belief" it is a citizen of Missouri. (Doc. 1 at 2). While the Ninth

Circuit Court of Appeals allows jurisdiction to be pleaded on information and belief for *other* parties, this Court is unaware of this leniency being extended to allow the removing Defendant to not definitely determine *its own* citizenship. *See Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014).

The notice of removal then alleges that Defendant Fleetlogix, Inc. is a citizen of Delaware and California. (Doc. 1 at 2).

The notice of removal makes no mention of Defendants Ahmed Naaleye and Jane Doe Naaleye. (*See generally* Doc. 1). However, the complaint alleges they are residents of Arizona, (Doc. 1-1 at 2); and their answer admits this allegation (Doc. 8 at 2). The Court suspects they were strategically left off the notice of removal because procedurally, if any defendant is a citizen of the state where the case is filed, the case is not removable. 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

Finally, it appears the removing Defendant, Enterprise Leasing Company of Phoenix, LLC, has failed to timely answer. *See* Fed. R. Civ. P. 81(c)(2) (answer due within the longer of 21 days after service (April 30, 2020 in this case (Doc. 1 at 5)) or 7 days after removal (May 29, 2020 in this case)). However, Plaintiffs have not sought entry of default yet. Instead, Plaintiffs filed a notice of readiness for a Rule 16 conference (Doc. 10), despite the pleadings not being closed.

This Court cannot sua sponte remand for non-jurisdictional procedural defects in removal. *Kelton Arms Condominium Owners, Ass'n, Inc. v. Homestead Insurance Co.*, 346 F.3d 1190, 1191 (9th Cir. 2003). Thus, if Plaintiffs do not timely move to remand, the procedural defect of all Defendants not joining the notice of removal and a resident defendant removing will be waived. *Id.* If Plaintiffs choose to timely file a motion to remand, in addition to the procedural defects in removal identified herein, Plaintiffs shall also address the jurisdictional defects in removal identified herein.

Based on the foregoing,

**IT IS ORDERED** that if Plaintiffs do not file a timely motion to remand, then by July 1, 2020, Defendant Enterprise Leasing Company of Phoenix, LLC, must file a supplement to the notice of removal fully alleging federal subject matter jurisdiction or this case will be remanded for lack of jurisdiction.

Dated this 18th day of June, 2020.

James A. Teilborg
Senior United States District Judge